vent company represented by the plaintiff became surety. It appears that at that time the government was, or thereafter became, indebted to the surety company on account of transactions in no manner connected with its contract with the defendant, and the government appropriated from the moneys due from it to the surety company the sum of $1,600, under the claim that it was entitled to do so on account of the defendant's failure to perform its contract for which the surety company was surety.

The receiver of the surety company brings this action, alleging merely these facts, and the question presented by the motion for judgment on the pleadings was whether the amended complaint, to which a demurrer on the ground of insufficiency of facts was interposed, states a cause of action. I am of opinion that it does not. The liability of the defendant cannot be affected by the fact that the government happened to owe the surety company and asserted a right to withhold part of the moneys thus owing on account of its claim that the defendant failed to perform the contract. There is no allegation in the complaint to the effect that the defendant failed to perform its contract with the government; nor is there any allegation from which such failure may legitimately be inferred. The contract between the surety company and the defendant was not made in the light of a situation by which the government might have it in its power to withhold funds due from it to the surety company. It was merely contemplated that the surety company might be called upon to respond in damages for a breach of contract on the part of its principal, and that it should be reimbursed by the defendant for any liability established against it in an action, suit, or other proceeding, including "counsel fees and expenses of whatsoever kind, name, nature, or description," and for any valid claim of liability asserted against it as surety for the defendant which it settled without litigation.

The decision about to be made by this court proceeds upon the theory that the surety company was at liberty to settle any claim asserted against it, whether valid or not, and to recover of the defendant the amount thus paid. To that doctrine I cannot subscribe. The amended complaint, in my opinion, is fatally defective, in that it fails to allege any facts tending to show that the United States government had a just or valid claim against the surety company as surety for the defendant.

I therefore vote for affirmance.

CLARKE, J., concurs.

(160 App. Div. 864)

FULLER v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. March 4, 1914.)

1. WITNESSES (§ 143*)—TESTIMONY OF PARTIES INTERESTED AGAINST EXECUTRIX OF DECEASED.

Under Code Civ. Proc. § 829, prohibiting any person interested from testifying against the executor, etc., of deceased, concerning any transaction or communication with deceased, the court, in an action by an executrix to recover stock certificates, where defendant claimed under a gift to its

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

assignor from deceased, improperly permitted the assignor to testify that testator's signature was upon the certificates before his death.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 619–624; Dec. Dig. § 143.*]

2. WITNESSES (§ 181*)—TESTIMONY OF PARTIES INTERESTED, AGAINST EXECUTRIX OF DECEASED—WAIVER OF OBJECTIONS.

Where, under Code Civ. Proc. § 829, prohibiting any person interested from testifying against the executor, etc., of any deceased, concerning any transaction or communication with deceased, the court improperly permitted a witness to testify as to a transaction with deceased, the adverse party could fairly cross-examine the witness upon such testimony without waiving the benefit of the statute.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 727, 728; Dec. Dig. § 181.*]

3. APPEAL AND ERROR (§ 1058*)—REVIEW—HARMLESS ERROR.

Where, in an action to recover stock certificates by an executrix, defendant claimed under a gift to his assignor from testator, and plaintiff's contention was that testator's signature was forged, it not being in his handwriting, error, if any, in refusing to permit defendant's assignor to testify as to what testator said about the signatures was not prejudicial, as she had already testified that the signatures were on them before testator's death.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

Appeal from Trial Term, Schenectady County.

Action by Jane Hellen Fuller, executrix of James Fuller, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Visscher, Whalen & Austin, of Albany, for appellant.

Alonzo P. Strong, of Schenectady, for respondent.

SMITH, P. J. [1, 2] This is an action to recover possession of certain stock certificates in the defendant road, claimed to belong to the plaintiff's testator in his lifetime, and to be wrongfully withheld by the defendant. The defendant derives its title through one Annie Becker, whom it appears was living with the plaintiff's testator in his lifetime as his wife, though not lawfully married to him, and who claimed the said certificates by gift from him. There are a number of questions raised upon the validity of this judgment which we do not deem necessary to discuss. A serious question is raised, however, upon the ruling of the court in refusing to allow this Annie Becker to testify as to what the plaintiff's testator said as to the signature upon the back of these certificates when they were given to her. This signature of the plaintiff's testator is admittedly not in his own handwriting. The plaintiff's counsel had examined the witness Becker as to certain transactions with the deceased which bore upon the deliveries claimed by her to have been made of these certificates. Defendant contends that by this examination the door was opened, so that the benefit of section 829 of the Code of Civil Procedure was waived. It

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appears, however, that the examination of the plaintiff's counsel was legitimate cross-examination of matter which had been brought out by the court itself, where the court had asked the witness whether the name of the plaintiff's testator was upon those certificates before the death of said testator. This was objected to by the plaintiff's counsel as not proper under section 829 of the Code. I am inclined to think the objection was well taken, and that the court erred in admitting this testimony. After the testimony had been admitted, however, it would seem that the plaintiff's counsel might fairly be allowed to cross-examine the witness upon the subject without being held to have opened the door to allow the defendant's counsel to show personal transactions between the defendant's assignor and the deceased, which were otherwise prohibited by law. The ruling, therefore, excluding the evidence of this personal transaction, was, we think, properly made.

[3] If such evidence should have been admitted, we are of opinion that the error in excluding the same was harmless. The witness had already sworn that the signature of plaintiff's testator was upon those certificates prior to his death. Upon the Sunday before his death she had sworn that they were taken out of the safe and examined. If those signatures were upon the certificates before his death, even though the signatures were not in the handwriting of the plaintiff's testator, they were approved by him, and it is a matter of small moment as to the person who actually signed the name, or as to how it came to be so signed. Again: The plaintiff's contention that those signatures were forged and the certificates stolen has the support of strong corroborated evidence in the case. The testimony of Annie Becker herself, and of her principal witness, Mrs. Pauline Looschan, present inconsistencies which are difficult to reconcile. The witness Looschan swears that the certificates were given to Annie Becker upon a certain night as a surprise, while the witness Becker swears that they were given to her at different times, some of them even before they were issued. The dividends were paid regularly to plaintiff's testator, and after his death for six months or more to the plaintiff, without any claim of ownership on the part of Annie Becker or her assignees. Without further discussing the evidence, and in view of the testimony of Annie Becker that the certificates were delivered to her, we are satisfied that if she had been allowed to swear as to any reason assigned by the plaintiff's testator why the signatures were not in his handwriting, the result of the trial would not have been different. For these reasons we are of opinion that the judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.